## In the Matter of a MINOR CHILD

High Court of American Samoa
Trial Division

JUV No. 19-89

July 21, 1989

Before KRUSE, Chief Justice, TAUANU'U, Chief Associate Judge, and AFUOLA, Associate Judge.

Counsel: For Petitioner, Robert Porter

Grandmother, who was recently widowed, petitions to terminate the parental rights of her daughter and son-in-law to their four year old daughter whom she wishes to adopt. The natural parents are a young couple who left the territory last year in pursuit of the natural father's new career with the United States Army. They have, however, executed a notarized document which recites their consent to grandmother's adoption of their daughter. Prior to starting out a life in the armed forces, the natural parents lived in the territory with grandmother.

The grounds for the petition are simply that grandmother (together with grandfather while he was alive) took care of the child since birth.

The petition is denied. The facts here do not reveal the circumstances of a "neglected or dependent child" envisaged by A.S.C.A. §§ 45.0401(a)(1) and 45.0115(a)(3), which provide the basis for a petition to terminate parental rights. *See In re Two Minor Children*, 8 A.S.R.2d 75 (1988). Rather, the facts here reveal circumstances of "voluntary relinquishment" envisaged by A.S.C.A. § 45.0401(a)(2). Even if we treat the petition as one of voluntary relinquishment the end result would nonetheless be denial of the petition. A.S.C.A. § 45.0401(b) states that:

> No parent may relinquish his parental rights in a child other than in accordance with the provisions of this chapter [A.S.C.A. §§ 45.0402 et seq.].

16

Before a petition for voluntary relinquishment may be granted, the Court is required by A.S.C.A. § 45.0402(d) to be satisfied "that the relinquishing parent has been counseled and fully advised of the consequences of his act." The Court is further required by paragraph (f) of this enactment to be satisfied that the "relinquishment would best serve the interests of all parties concerned." Neither of these requirements has been satisfied on the evidence before us.

Firstly, the natural parents were not before the Court and accordingly we had no opportunity to evaluate whether they had been counseled and fully advised as to the consequences of relinquishment.

Secondly, and perhaps more importantly, we simply cannot conclude that the minor's best interests would be secured by terminating her legal relationship to her parents. We can find nothing on the evidence to suggest that her grandmother is better equipped to secure the child's future than her parents. The circumstances of the natural parents are that they are 23 and 22 years of age respectively. They are a relatively young couple who have opted to start out in life with the security that a military career offers. There is a wealth of benefits available to military dependents to which this petition, if granted, would disentitle the minor.

On the other hand, grandmother's income is limited. She receives a modest survivor's benefit in the way of a monthly check. (For purposes of these proceedings she has also figured into her disposable income the social security benefits which she receives on behalf of her own dependent child.) We note the difference in age between her and her grandchild as well as the grandchild's expected period of minority and dependence. This is a relevant factor which weighs against the petition. Further, we cannot avoid noticing that there is no father figure in grandmother's household. While none of these factors are conclusive in every case to deny a petition, they, in sum, tally negatively against altering the child's natural circumstances.

Petition is denied.